IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>

|  |  |  |
|---|---|---|
| | * | |
| IN RE: GNC CORP. TRIFLEX PRODUCTS | * | |
| MARKETING AND SALES PRACTICES | * | |
| LITIGATION, | * | |
| | * | |
| This document relates to: | * | MDL No. 14-2491-JFM |
| | * | |
| No. 14-120 | * | |
| No. 14-122 | * | |
| No. 14-123 | * | |
| No. 14-2 | * | |
| No. 14-33 | * | |
| No. 14-465 | * | |
| | * | |
| | * | |
| | ****** | |

## <u>MEMORANDUM</u>

Plaintiffs filed a motion under Rule 60(b) asking the court to reconsider its judgment that

granted defendants' motion to dismiss plaintiffs' Consolidated Amended Complaint ("CAC").[1]

(ECF No. 43).  For the reasons set forth below, the motion is denied.

## BACKGROUND

Briefly stated, after plaintiffs' individual, putative class actions were transferred to this

court under 28 U.S.C. § 1407, they filed a CAC against the defendants that allege violations of

various consumer protection, deceptive practices, and express warranty statutes in several states.[2]

The CAC's allegations target several of defendants' products that contain glucosamine

---

[1] Named plaintiffs are Michael Lerma, Jeremy Gaatz, Robert Toback, Robert Calvert, Sean
Howard, Thomas Flowers, John Gross, and Justin George.  (ECF No. 38 at p. 1).  Defendants are
General Nutrition Corporation and GNC Holdings, Inc. ("GNC") and Rite Aid Corporation
("Rite Aid").  *Id.*
[2] A more comprehensive background is contained in the court's memorandum accompanying its
order granting defendants' motion to dismiss.  (ECF No. 38).

hydrochloride and chondroitin sulfate.  Plaintiffs argue that the "vast weight" of the evidence demonstrates that ingesting defendants' products orally has a negligible effect, if any, on improving joint discomfort and treating the symptoms of deteriorating cartilage.

Defendants filed a motion to dismiss which the court granted on June 20, 2014.  (ECF No. 39).  The court cited a study that supports defendants' statements in their advertising and product labels, and concluded that plaintiffs would need to show that "the clinical trial relied upon by defendants was itself false and/or deceptive."  (ECF No. 38 at p. 7).[3]  Finding no such allegations in the CAC, the court dismissed the CAC with leave to amend if plaintiffs could allege (within the strictures of Rule 11) that *no* reasonable expert could conclude that glucosamine and chondroitin do not improve joint health in non-arthritic consumers.

Plaintiffs claim that the court adopted "an erroneous legal standard," and asks the court to alter its previous judgment by denying defendants' motion to dismiss and reinstating the CAC.

## STANDARD

A Rule 60(b) remedy is considered "extraordinary and is only to be invoked on a showing of exceptional circumstances."  *Johnson v. Montminy*, 289 F. Supp. 2d 705 (D. Md. 2003) (quoting *Compton v. Alton Steamship Company, Inc.*, 608 F.2d 96, 102 (4th Cir. 1979)); *see also Almy v. Sebelius*, 749 F. Supp. 2d 315, 338 (D. Md. 2010) (characterizing relief under Rule 60(b) as a "high bar").  Moreover, a 60(b) ruling is within the discretion of the trial court. *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995).

---

[3] The court also stated "the fact that one set of experts may disagree with the opinions expressed by other qualified experts does not *ipso facto* establish any violation of the applicable consumer protection laws."  (ECF No. 38 at p. 7).

## ANALYSIS

Defendants argue that plaintiffs' Rule 60(b) motion is both procedurally and substantively defective.  Each objection is addressed in turn.

### I.      Correction of Legal Errors under Rule 60(b).

Plaintiffs seek relief under Rule 60(b) by arguing that the court adopted an erroneous legal standard.  In response, defendants characterize plaintiffs' motion as simply asking the court to "change its mind."  (ECF No. 49 at p. 2).

Whether Rule 60(b) permits reconsideration of a legal issue is somewhat academic, as a district court's decision on a Rule 60(b) motion is reviewed on appeal under the abuse of discretion standard.  *E.g.*, *CNF Constructors, Inc.*, 57 F.3d at 401.  It is true, however, that the Fourth Circuit has stated a motion for reconsideration of a legal issue "is not authorized by Rule 60(b)."  *Id.* (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).  Rather than asking a court to "change its mind," parties are free to appeal legal issues they consider erroneous.  *E.g.*, *Johnson*, 289 F. Supp. 2d at 705.

Plaintiffs argue that other circuits have relaxed their formerly strict view of Rule 60(b) and now permit district courts to reconsider legal issues.  (ECF No. 50 at pp. 2–3) (citing several cases).  Although denying plaintiffs' motion on this ground alone is likely within my discretion, I will nonetheless briefly describe the substantive rationale for my decision to deny the pending motion and affirm my previous order.

### II.      Plaintiffs' CAC Contains Claims upon which Relief cannot be Granted.

Plaintiffs argue that the standard adopted by the court to justify dismissing the CAC "is not the law under *any* of the states' consumer fraud statutes pursuant to which Plaintiffs' claims

are being prosecuted." (ECF No. 44 at p. 6). Defendants counter that the court's ruling was doctrinally correct.

Although I am denying plaintiffs' Rule 60(b) motion, I would like to clarify my previous order and accompanying memorandum to eliminate any confusion. In order to recover, plaintiffs must show that defendants' products are ineffective as to non-arthritic users. The only studies they cite in the CAC, however, involve osteoarthritis patients. Plaintiffs argue that these osteoarthritic studies can serve as "an effective proxy" for measuring the products' effect in non-arthritic users, and that "experts in the field" will testify as such. Whether such studies are a valid proxy is indeed a factual matter perhaps best left to the fact-finder, but plaintiffs' burden at the 12(b)(6) stage is to state a plausible claim upon which relief can be granted.

Plaintiffs have not alleged that defendants relied upon false and/or deceptive studies, data or science to support their advertisement and marketing. Nor have plaintiffs alleged that their experts (who would testify that osteoarthritis studies are valid proxies for measuring clinical effects in non-arthritic patients) would testify that *no* expert could look at the available data and conclude, as defendants did, that their products have an effect on non-arthritic users. Absent such a pleading, plaintiffs are not entitled to relief on their claims.[4]

---

[4] In the final analysis the issue turns on whether in this context juries should resolve conflicting disagreements among experts. At first blush, arguably they should. After all, juries serve as a proper check upon allegedly expert elitism. However, in this case the question is not whether the views of jurors should prevail over the views of asserted experts and judges. Rather the question is whether the views of jurors should prevail over the views of those who choose to purchase glucosamine/chondroitin pills. What is "democratic" in one instance may be tyrannical in another. After all, damage awards and even the cost of defending against high stakes litigation has the effect of increasing the cost of glucosamine/chondroitin pills or, potentially, driving the pills from the market. Should those who choose to purchase the pills have to pay more for them (or be deprived of the opportunity to purchase them at all) when the science is uncertain merely because juries disagree with their own judgment about the pills' efficacy?

I specifically stated that plaintiffs could amend the CAC to allege the facts above, if true. Moreover, if plaintiffs can specify discovery requests that would aid them in alleging the above facts, they should file a motion setting forth the discovery that they request.  Presumably, however, if plaintiffs' experts are of the view that no reasonable expert would reach the conclusion reached by the expert upon whom defendant relies, they are already, by virtue of their asserted expertise, in possession of the relevant factual information.

Plaintiffs motion to reconsider is denied.  A separate order effecting the same will be entered herewith.

_____09/09/2014_____                              _____/s/_____
Date                                                                J. Frederick Motz
                                                                    United States District Judge